IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISAAC YEBOAH (#216310379), § § § Petitioner, § § V. § § U.S. IMMIGRATION AND CUSTOMS § ENFORCEMENT, § § Respondent. § | No. 3:18-cv-834-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Isaac Yeboah, a detainee at the Prairieland Detention Center, in the Dallas Division of this district, filed a petition under 28 U.S.C. § 2241 on April 5, 2018 seeking release from detention. *See* Dkt. No. 3. This resulting habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The government filed a response urging the dismissal of the petition. *See* Dkt. Nos. 8 & 9. And Yeboah filed a reply brief. *See* Dkt. No. 10.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the petition because Yeboah has failed to allege a *prima facie* claim for relief.

**Applicable Background**

Yeboah, a citizen of Ghana, who failed to enroll in college and thereby violated

his immigration status, *see* Dkt. No. 9 at 5, was convicted, in federal court, of bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344(2) and 2, and unlawful transfer, possession, or use of a means of identification and aiding and abetting, in violation of 18 U.S.C. §§ 1028(a)(7), (b)(2)(B), and 2, *see id.* at 6-11; *see also United States v. Yeboah*, No. CR-00060-001-RAW (E.D. Okla. 2017); and, in state court, of credit card abuse, in violation of Texas Penal Code § 32.31, *see* Dkt. No. 9 at 12-13; *see also State v. Yeboah*, No. F15-2166-158 (158th Dist. Ct., Denton Cty., Tex. 2017).

United States immigration authorities obtained custody of Yeboah from the State of Texas on April 14, 2017, and, the same day, noticed him to appear in removal proceedings. *See* Dkt. No. 9 at 3-5. Ultimately, on December 12, 2017, an immigration judge ordered Yeboah removed to Ghana. *See id.* at 14-15. Because Yeboah waived an appeal, *see id.* at 15, immigration authorities began preparing for Yeboah's physical removal, *see id.* at 19-20. And, as of May 14, 2018, authorities had been informed that Ghana expected to issue a travel document in time for Yeboah to be removed in late June of 2018. *See id.* at 20.

In his reply, postmarked June 14, 2018, Yeboah states "since the government has promised to get me out of US to my country by the end of June, I will patiently wait and keep on cooperating with (I.C.E.) till my deportation is finalized." Dkt. No. 10 at 1.

**Legal Standards and Analysis**

Yeboah's removal order became administratively final on December 12, 2017, when he waived his right to appeal that order to the Board of Immigration

-2-

Appeals. *See* Dkt. No. 9 at 15; 8 U.S.C. § 1101(a)(47)(B)(ii). As a consequence, his detention at the time he filed his habeas petition was governed by 8 U.S.C. § 1231,

> which provides that the Attorney General shall remove the alien within a period of 90 days, during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). If he is not removed within the 90-day period, he may be detained beyond that time or released subject to the terms of supervision prescribed by the Attorney General. § 1231(a)(3), (6). It is presumptively constitutional for an alien to be detained for six months after a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

*Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (per curiam).

Here, the 90-day removal period expired prior to Yeboah filing this habeas petition, but – at the time this action was filed – "[a]lthough that period ha[d] expired, [Yeboah had] not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his continued post removal order detention is premature." *Id.* (citing *Zadvydas*, 533 U.S. at 701, and dismissing appeal for want of jurisdiction); *see Saeku v. Johnson*, No. 1:16-cv-155-O, 2017 WL 4075058, at *3 (N.D. Tex. Sept. 14, 2017) ("In order for an alien to establish a *prima facie* claim for habeas relief under the *Zadvydas* rationale, [ ] he must first establish that he has been in post-removal order custody for more than six months at the time the habeas petition is filed." (citing *Apau v. Ashcroft*, No. 3:02-cv-2652-D, 2003 WL 21801154, at *2 (N.D. Tex. June 17, 2003))); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("This six-month period [ ] must have expired at the time [the] § 2241 petition was filed in order to state a claim under *Zadvydas*." (footnote omitted)).

As of the date of these findings, conclusions, and recommendation, Yeboah, if not yet removed to Ghana, has been in post-removal custody for just shy of seven months, but "he has not alleged sufficient evidence to establish 'that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Apau*, 2003 WL 21801154, at *2 (quoting *Zadvydas*, 533 U.S. at 701). In fact, in his reply brief, Yeboah appears to concede that it is likely he will be deported soon (if he has not already). *See* Dkt. No. 10 at 1.

For these reasons, Yeboah has not stated a *prima facie* claim for habeas relief, which requires the dismissal of his petition.

## Recommendation

The Court should dismiss the Section 2241 petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE