IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISAAC YEBOAH (#216310379), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-834-L-BN |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Isaac Yeboah, then a detainee at the Prairieland Detention Center, in the Dallas Division of this district, filed a petition under 28 U.S.C. § 2241 on April 5, 2018 seeking release from detention. *See* Dkt. No. 3. This resulting habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The government filed a response urging the dismissal of the petition. *See* Dkt. Nos. 8 & 9. Yeboah filed a reply brief. *See* Dkt. No. 10. And, on July 6, 2018, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss the petition because Yeboah failed to allege a *prima facie* claim for relief under 8 U.S.C. § 1231 based on *Zadvydas v. Davis*, 533 U.S. 678 (2001) [Dkt. No. 11] (the "Initial FCR"). Yeboah failed to file objections to the Initial FCR.

But, on October 23, 2018, prior to the Court's ruling on the Initial FCR, Yeboah

filed a motion for reconsideration based on his continued detention – evidently, he was not removed to Ghana during the summer, as the government expected. *See* Dkt. No. 12. The government has filed a court-ordered response to the motion for reconsideration, establishing that Yeboah was removed from the United States on October 25, 2018. *See* Dkt. Nos. 15 & 16; *see also* Dkt. No. 14 (order requiring response served on Yeboah returned as undeliverable).

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for reconsideration – and also dismiss this action – as moot.

**Applicable Background, Legal Standards, and Analysis**

The Initial FCR set out in detail the events leading up to Yeboah's detention pending removal, *see* Dkt. No. 11 at 1-2, most notably, that he was still in custody in June 2018, expecting to be removed imminently. In support of its response to the motion for reconsideration, the government provides a sworn declaration from an ICE deportation officer setting out the events that transpired after Yeboah was not removed in June 2018 (as expected), culminating with his removal from the United States on October 25, 2018. *See* Dkt. No. 16 at 6-9.

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly

unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting, respectively, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), and *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

Yeboah's removal from the United States is such an event. *See, e.g., Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) ("Chay was removed from the United States on October 5, 2011... Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention[ – that "his detention was unlawful in light of § 1231 and *Zadvydas*" – ], and not an order of removal, *see Tran v. Mukasey*, 515 F.3d 478, 485 (5th Cir. 2008), any such challenge is now moot because Chay has been removed from the United States." (citing *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003) (per curiam); *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986))).

For these reasons, the motion for reconsideration should be denied – and this case should be dismissed – as moot.

## Recommendation

The Court should deny Petitioner Isaac Yeboah's motion for reconsideration

[Dkt. No. 12] – and also dismiss this action – as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 27, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE